Doreen Waller, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs March 1, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*Doreen Waller*, petitioner, for herself.

*Catherine Stewart*, Assistant Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 19, 1982:

Doreen Waller, a former state employee, appeals from an order of the Department of Public Welfare (DPW) upholding the action of a County Assistance Office (CAO) discontinuing Aid to Families with Dependent Children benefits paid to her and on account of her two children. The ground on which the public assistance authorities based their action was that of the appellant's refusal to make application for resources available to her—her account with the State Retirement Board amounting to about $4,800.00.

The appellant was discharged from her state employment on September 17, 1979. The appellant's union refused to pursue her grievance over her discharge to arbitration; and at the hearing conducted by the DPW Hearing Examiner on August 15, 1980, she testified that her grievance was in "limbo" and that she had received "notice from the union stating that they would not take my case to arbitration, and I had

20 days to contest the union grievance committee which I did . . . and which I have not yet received a reply from them.''

At the time of her application for assistance on or about April 4, 1980, the appellant executed a form called PA 176-K in which she agreed, in consideration of assistance granted pending her receipt of money from her "state retirement benefits'' to pay DPW the amount of any assistance granted from those "benefits'' when received. In July, 1980 the CAO, the appellant having refused to apply for the money in her state retirement account, notified the appellant of its intention to discontinue her assistance benefits for her failure to make application.

There is no question that the money in the appellant's state retirement account is hers for the asking. At least as of the time of the filing of briefs in this matter, the appellant has not applied for her state retirement fund account, asserting that if she does so she will "lose eight years and nine months of seniority.''

The DPW regulations pertinent to the appellant's claim appear in the Public Assistance Eligibility Manual (PAEM) at the following places and provide pertinently:

PAEM §177.21(b), 55 Pa. Code §177.21(b):
> public assistance is intended to supplement, not replace, any available or continuing resources which an individual may have.

PAEM §177.22, 55 Pa. Code §177.22:
> . . . An actual resource is that which is immediately available to meet the current maintenance of an individual. It is a resource which is on hand for use when it is needed. A potential resource is one which constitutes a possible future source of support for the person in need.

PAEM §177.23(a), 55 Pa. Code §177.23(a):

In determining the eligibility of an individual for assistance, all resources will be taken into consideration whether they are available to him for current maintenance, or whether they may become available to him. . . .

PAEM §177(a)(3), 55 Pa. Code §177(a)(3):

(3) The eligibility of any person who has a claim or legal right to any real or personal property, or any benefit or award, will be dependent upon his agreement, or agreement of the person authorized to act for him, to apply for the resource and make it available for his use or for reimbursement, . . .

PAEM §177.3(a)(6), 55 Pa. Code §177.3(a)(6):

(6) If an individual acknowledges liability of a potential resource for reimbursement, assistance will be authorized for him during the period he is waiting for it to become an actual resource, or taking steps to convert it into an actual resource, such as while he is waiting for benefits, . . . .

These provisions, together with the Form PA 176-K in which the appellant agreed to pay DPW the amount of assistance received from her state retirement account when received clearly impose on the appellant as a condition to receiving continued assistance the obligation to apply for the money in the account. PAEM §177(a)(3) provides that eligibility for assistance is dependent on applying for the resource and PAEM §177.3(a)(6) provides that assistance is authorized only during the period the individual is taking steps to convert a potential resource into an actual resource.

The appellant principally depends on PAEM §177.23(a)(6) authorizing assistance during the period the claimant is waiting for a potential resource to be-

come an actual resource, or taking steps to convert it into an actual resource. Of course, this dependence is misplaced. The appellant wants assistance during the period in which she will be engaged in somehow compelling the state to reinstate her in her position of employment. The regulation on which she depends authorizes the payment of assistance during the period it takes to convert a potential to an actual resource—in this case during the time it would take to apply for and be paid the money in her state retirement account.

The appellant's arguments based on asserted harm to her seniority rights as an employee or as a member of the retirement system by taking down the money in her retirement account are illusory as well as beside the point. If her discharge were to be overturned and she was reinstated it would be, of course, without loss of employment seniority. Former state employees returning to state employment are privileged to rejoin the retirement system without loss of credit by immediately paying to the system any money (without interest) earlier withdrawn from their accounts.

Order affirmed.

### ORDER

AND Now, this 19th day of April, 1982, the order of the Department of Public Welfare is affirmed.

This decision was reached prior to the resignation of Judge MENCER.